TROY A. VALDEZ, State Bar No. 191478
ERIN M. DOYLE, State Bar No. 233113
TAMARA H. FISHER, State Bar No. 238170
VALDEZ TODD & DOYLE LLP
1901 Harrison Street, Suite 1450
Oakland, California 94612
Telephone: (415) 202-5950
Facsimile: (415) 202-5951
Email: tvaldez@vtdlaw.com
Email: edoyle@vtdlaw.com
Email: tfisher@vtdlaw.com

Attorneys for Defendant COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC

DANIEL RAY BACON, State Bar No. 103866
Law Offices of Daniel Ray Bacon
234 Van Ness Avenue
San Francisco, California 94102
Telephone: (415) 864-0907
Facsimile: (415) 864-0989
Email: bacondr@aol.com

Attorney for Plaintiff JOSE M. NON

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE M. NON,<br><br>          Plaintiff,<br><br>     v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 – 50 inclusive,<br><br>          Defendants. | Case No. CV-14-01845-VC<br><br>**STIPULATED PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER** |

Defendant Comcast Cable Communications Management, LLC (hereinafter "Comcast" or "Defendant") and Plaintiff Jose M. Non ("Plaintiff"), by and through their respective counsel

---

**JOINT STIPULATED [PROPOSED] PROTECTIVE ORDER - Case No.: CV-14-01845-VC**

of record, hereby stipulate to and petition this Court to enter the Protective Order set forth below for good cause.

WHEREAS, each party recognizes that some of the documents and information produced in this action may contain trade secrets, confidential, proprietary technical, commercial, business, financial information and/or private, personnel or medical information subject to a constitutional right of privacy and/or nonpublic information regarding Defendant's business operations, including manuals, policies, employee claims, employee terminations, employee benefits, internal complaints and/or Defendant's customers, vendors, income, profits, losses, and expenditures, the disclosure of which may violate third parties' rights to privacy and cause harm to Defendant's competitive position in the marketplace;

IT IS THEREFORE STIPULATED AND AGREED by and between the parties hereto, through their respective counsel, that the following Order may be entered by the Court to give effect to the stipulations set forth below:

1. This stipulated protective order shall apply to all Confidential Information. As used herein, "Confidential Information" shall mean testimony, written or recorder materials, and information in any other form, which constitutes, reflects or discloses confidential, competitively sensitive, proprietary and/or trade secret information of the party, or information that is protected from disclosure by the privacy rights of third parties, including customers, employees or other third parties, which the designating person wishes to maintain in confidence. Any party to the above-captioned action shall have standing to designate as Confidential Information any information that was created by or communicated to or from an employee, or agent, of that party. "Designating person" means the party, or third person or entity, who designates documents, testimony or information as Confidential Information under this Order.

2. All documents or information produced or to be produced by any party in connection with this litigation that has been designated by the producing party as Confidential Information shall be used only for the purpose of this litigation, including trial preparation and trial.

3. Except as otherwise provided by stipulation of counsel, which stipulation must include counsel for the designating party, or order of the Court upon a showing of good cause, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said counsel assisting those attorneys in the preparation and trial of this action; (2) non-party retained expert witness and consultants who are assisting said counsel in preparation and/or trial; (3) the parties or representatives of the parties having responsibility for the prosecution or defense of the case; (4) any private mediation to whom the parties agree in writing; and (5) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal. However, such Confidential Information may be disclosed to a witness at deposition or trial for the purpose of examining the witness if necessary. Except for purposes of impeachment of a party hereto, prior to disclosing the Confidential Information to the witness, counsel for the examining party shall, if appropriate, advise counsel for the designating party that he or she intends to use Confidential Information with the witness. In addition, the witness shall be required to sign the form specified in paragraph 5 of this Order prior to disclosure of the Confidential Information.

4. No person to whom this Confidential Information is disclosed shall discuss the Confidential Information or disclose it to any other person, or for any purpose other than those specified in paragraph 3. Counsel to whom Confidential Information is disclosed or produced shall be responsible for ensuring that each person to whom Confidential Information is disclosed is informed of the terms of this stipulated protective order and shall be provided with a copy of this Order. Prior to being given access to these materials, each such person shall acknowledge in writing his or her agreement to be bound by the terms of this Order by executing the form specified in Attachment A hereto.

5. Any attorney who discloses Confidential Information shall maintain in his or her office an executed acknowledgment in the form of Attachment A from each person to whom such Confidential Information has been disclosed.

6. In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential Information -- Subject to Protective Order."

7. In connection with the taking of any deposition in this action:

   a. The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Information unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. Depositions at which Confidential Information is to be disclosed shall be attended only by persons authorized hereunder to have access to such information.

   b. Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate the deposition transcript along with the deposition exhibits, or any portion thereof, as Confidential Information. If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.

   c. Relating to deposition testimony, the witness or his counsel shall invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential." No person shall attend those portions of the depositions designated "Confidential" unless such person is an authorized recipient of classified information under the terms of this

Order. Any court reporter who transcribes "Confidential" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" testimony is and shall remain as such and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "Confidential," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

8. When a party to this Order designates the testimony (including proposed testimony) of a person being deposed as Confidential Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the Confidential Information designation. Such testimony shall be treated as Confidential Information until a stipulation or order on motion that it should not be so treated.

9. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

10. If a party to this Order objects to the designation of any Confidential Information, that party shall so notify the designating party in writing, identifying the Confidential Information as to which objection is made. The designating party shall respond within ten (10) business days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information, the designating party shall file and serve a motion which seeks a ruling from the Court with respect to the designation(s) to which it has objected within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The party seeking to maintain the Confidential Information shall bear the burden of establishing such status is warranted. Pending the Court's ruling, the provisions of this Order shall remain in force.

11.     The parties shall comply with the Local Rules for the Superior Court of Butte County in connection with filing or lodging with the Court documents or information designated as Confidential Information under this Order. Such documents or information shall be sealed in a clearly marked envelope and opened only upon further direction of this Court. No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified at Paragraphs 3 and 4, of this Order.

12.     The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

13.     Nothing in this Order shall be construed as prejudicing or limiting the right of third persons or entities not joined herein from pursuing any and all remedies available to them. If such third person or entity chooses to make a Confidential Information designation in compliance with this Order, the third person shall be deemed to have submitted the question of validity of any challenged designation to the jurisdiction of this Court.

14.     This Order shall not prevent or limit any party from using Confidential Information in discovery, at trial, or with respect to depositions of those persons authorized under this Order to view Confidential Information. Additionally, documents or interrogatory responses which have been designated as Confidential Information may be used at the deposition of the party which produced such Confidential Information. Any document or interrogatory responses designated as Confidential Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Confidential Information.

15.     The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Information shall be held by counsel pending final resolution of this

1  litigation by appeal or otherwise. Within 90 days after such final resolution, all documents
2  containing Confidential Information, including all copies, summaries, and compilations, shall be
3  destroyed or, at the request of producing counsel, be returned. Each party is responsible for such
4  return or destruction shall certify to all other counsel of record that such destruction or return in
5  fact took place.

6        16.    Notwithstanding Paragraph 16 above, counsel are not required to destroy legal
7  memoranda or opinion letters and other attorney-client privilege or work product document that
8  may contain references to or information extracted from said documents, and all such memos
9  and correspondence may be retained in the attorney's files. However, the confidentiality of
10 documents and information is otherwise to be protected in accordance with the terms of this
11 Order.

12       17.    Nothing contained in this Order shall preclude any party from applying to the
13 Court for further relief or for modification of any provision hereof.

14       18.    Nothing contained in this Order is intended to or shall be deemed to limit either
15 party from any further use of Confidential Information (or information derived therefrom) which
16 that party or its agent has itself produced, generated or obtained other than through discovery in
17 this action.

18       19.    Except as specifically provided herein, the terms, conditions and limitations of
19 this stipulation and Order shall survive the termination of this action.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

| | | |
|---|---|---|
| 1 | Dated: October 27, 2014 | LAW OFFICES OF DANIEL RAY BACON |
| 2 | | |
| 3 | | By: ___/s/ Daniel Bacon_____<br>Daniel Bacon, Attorney for Plaintiff |
| 4 | | JOSE M. NON |
| 5 | | |
| 6 | | |
| 7 | Dated: October 27, 2014 | Valdez Todd & Doyle LLP |
| 8 | | |
| 9 | | By: ___/s/ Troy A. Valdez_____<br>Troy A. Valdez, Esq., Attorneys for Defendant |
| 10 | | COMCAST CABLE COMMUNICATIONS<br>MANAGEMENT, LLC |

IT IS SO ORDERED.

Dated: October 28, 2014

_____
HON. VINCE CHHABRIA

# ATTACHMENT "A"

## VERIFIED ACKNOWLEDGEMENT

I, the undersigned, do hereby declare,

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents ("Stipulated Protective Order"). I hereby agree to abide by the terms of the terms of the Stipulated Protective Order.

Executed this _____ day of _____, _____ at _____, _____.

_____

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

Pursuant to Local Rule 5-1 of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

        /s/ Troy A. Valdez
Troy A. Valdez