UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M NON,<br>        Plaintiff,<br>    v.<br>COMCAST INC., et al.,<br>        Defendants. | Case No. 14-cv-01845-VC<br><br>**ORDER GRANTING COMCAST'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 46 |

The Court grants Comcast's motion for summary judgment. Even assuming that Non has made out a prima facie case of discrimination, he hasn't raised a triable issue of fact as to pretext.

Non appears primarily to argue that he wasn't sleeping on the job, and that he didn't lie to Comcast about sleeping on the job. But, under FEHA, "[i]t is the employer's honest belief in the stated reasons for firing an employee and not the objective truth or falsity of the underlying facts that is at issue." *King v. United Parcel Serv., Inc.*, 60 Cal. Rptr. 3d 359, 368 (Ct. App. 2007). And Non has presented no evidence to suggest Comcast "did not honestly believe" the report from an anonymous caller that Non slept for about forty minutes at the golf course in his truck with the engine running, and that he lied about it in the ensuing investigation. If Non had, during the investigation, given Comcast cause to suspect that the caller's report was inaccurate or fabricated, that would be a different matter. But the facts discovered in the investigation only corroborated the caller's account, which in turn supported Comcast's honest belief that Non committed the misconduct and then lied to cover it up.

Non also argues that Comcast treated similarly situated employees more leniently in disciplinary proceedings. Although "[a] showing that [Comcast] treated similarly situated employees outside [Non's] protected class more favorably would be probative of pretext," *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), Non hasn't raised a triable issue of

pretext with the evidence he's presented.  It's true that similarly-situated employees need only "be similar in material respects," and that "[m]ateriality depends on the context and is a question of fact that cannot be mechanically resolved." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011).  But the fact that materiality "cannot be mechanically resolved" does not mean it must go to a jury even when no reasonable trier of fact could resolve the question in the plaintiff's favor.  Here, no reasonable trier of fact could conclude that the five other Comcast employees whom Non identifies are materially similar to him, because they "did not engage in problematic conduct of comparable seriousness to that of [Non]," *Vasquez*, 349 F.3d at 641.  Although they violated the same broad policy that Non was accused of violating, their actual misconduct was different from Non's.  None of the five employees was caught sleeping on the job by a member of the public, and there is no indication that they lied to Comcast throughout their disciplinary investigations.

Moreover, the only two employees whose misconduct might start to look anything like Non's – one employee who took a longer-than-reported break at a Wendy's, and another who left work to attend to a family emergency – didn't share Non's supervisor.  That's not dispositive, but it can be relevant.  *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010).  Here, it's quite probative, because there is no evidence that the respective supervisors knew of the others' disciplinary decisions, and there is no evidence that the supervisors' decisions were reviewed by the same people in the company.

Non has, at most, shown that two other Comcast employees – whose misconduct was not as serious as his – were treated differently by supervisors who weren't responsible for Non's termination.  In the absence of any other evidence of discrimination, that's not enough to raise a triable issue of fact on Non's discrimination claims.  Thus, Comcast is entitled to summary judgment.

**IT IS SO ORDERED.**

Dated: October 8, 2015

_____
VINCE CHHABRIA
United States District Judge

2